UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

-against-

TAL ALEXANDER and OREN ALEXANDER,

Defendants.

Civ. Action. No. 25-cv-2106 (DEH)

---

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
AND TO STRIKE CERTAIN PORTIONS OF THE COMPLAINT**

---

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………....………1

FACTS OF THE CASE…………………………………………………………………………3

LEGAL ARGUMENT…………………………………………………………………………4

I.     LEGAL STANDARD………………………………………………………………..4

    1.    Plaintiff's Claims Are Not Time-Barred …………………..…………………...6

        i.    The VGMVPL clearly allows any and all otherwise time-barred claims to be brought before March 1, 2025…………………………………….…..6

        ii.    The VGMVPL is not preempted by the ASA…………………………..…8

            1. Field preemption does not apply……………………………….…..……10

            2. There is no conflict between the ASA and VGMVPL…………..………12

            3. N.Y. C.P.L.R. § 213-c is procedural and remedial in nature and should be applied retroactively………………………………………14

    2.    Plaintiff's Complaint Does Not Contain Scandalous Or Prejudicial Matter That Warrants Striking…………………………………………………………...16

CONCLUSION…………………………………………………………………….…18

## **TABLE OF AUTHORITIES**

**CASES**                                                              **PAGE(S)**

*Ashcrofl v. Iqbal*
    556 U.S. 662 (2009)………………………………………………………………………5

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)………………………………………………………………………5

*Cadiz-Jones*
    2002 WL 34697795 (Sup. Ct. NY. Cnty. Apr. 9, 2002)…………………………..7, 8

*Castellanos v. Raymours Furniture Co.*
    291 F. Supp. 3d 294 at 300 (E.D. N.Y. 2018) ……………………………………...15

*Ctr. for Indep. of Disabled v. Metro. Transportation Auth.*
    125 N.Y.S.3d 697 (1st Dep't 2020)……………………………………………………13

*Consol. Edison Co. of New York v. Town of Red Hook*
    60 N.Y.2d 99 (1983)………………………………………………………..……11

*Doe v. Black*
    23-CV-6418 (JGLC) (S.D. N.Y. Sep 27, 2024)………………………...…..2, 9-13

*Garcia v. New York City Dept of Health & Mental Hygiene*
    31 N.Y.3d 601 (2018)………………………………………………………... 13

*Illiano v. Mineola Union Free School Dist.*
    585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008)……………………………………...16

*Jacobus v. Colgate*
    217 N.Y. 235, 240, 111 N.E. 837 (N.Y. 1916)……………………………..…14-15

*Landgraf v. USI Film Prods.*
    511 U.S. 244, 265, 114 S.Ct. 1483 1497, 128 L.Ed.2d 229 (1994)………………...15

*Lansdown Entertainment Corporation v. New York City Department of Consumer Affairs*
    74 N.Y.2d 761 (1989)…………………………………………………………...…13

*Majewski v. Broadalbin-Perth Cent. School Dist.*
    673 N.Y.S.2d 966, 91 N.Y.2d 577, 696 N.E.2d 978 (N.Y. 1998)………………….14

*Mazurkiewicz v. Clayton Homes, Inc.*
    971 F.Supp.2d 682 (S.D. Tex. 2013)…………………………………………..15

*New York State Club Ass'n, Inc. v. City of New York*
    69 N.Y.2d 211 (1987), aff'd, 487 U.S. 1 (1988)……………………………….…11

*OnBank & Trust Co., Matter of,*
    90 N.Y.2d 725, 730, 665 N.Y.S.2d 389, 688 N.E.2d 245 (N.Y. 1997)………..……15

*Parker v. Alexander*
    24-cv-4813 (LAK)(S.D.N.Y. Jan 22, 2025)……………………………………….8

*Patrolmen's Benevolent Assn. v City of New York*
    41 N.Y.2d 205 (1976)…………………………………………………….…..7

*People v. Torres*
    37 N.Y.3d 256 (2021)……………………………………………………….…13

*Sunrise Check Cashing & Payroll Servs., Inc. v. Town of Hempstead*
    933 N.Y.S.2d 388 (1st Dep't 2011)…………………………………………12-13

*Sunrise Check Cashing & Payroll Servs., Inc. v. Town of Hempstead*
    20 N.Y.3d 481 (2013)………………………………………………………12-13

*Tellabs v. Makor Issues & Rights, Ltd.*
    551 U.S. 308 (2007)…………………………………………………….....5

*United States v. Morrison*
    529 U.S. 598 (2000)……………………………………………...……..7

*Vatore v. Comm'r of Consumer Affs. of City of New York*
    83 N.Y.2d 645 (1994)…………………………………………….........11, 13

## **STATUTES**

42 U.S.C. § 13981…………………………………………………………7

Fed. R. Civ. P. § 8…………………………………………………………4

Fed. R. Civ. P. § 8(a)………………………………………………………4

Fed. R. Civ. P. § 12(b)(6)……………………………………………...………4-5

Fed. R. Civ. P. § 12(f)………………………………………………………16

N.Y. C.P.L.R. § 213-c………………………………………….…..3, 6, 14-16

N.Y. C.P.L.R. § 214-g…………………………………………………….9-13

N.Y. C.P.L.R. § 214-j…………………………………………………………………1, 2, 8-14

N.Y. Exec. L. § 290…………………………………………………………………………11

Fed. R.E. § 401……………………………………………………………….....16

Fed. R.E. § 404(b)(2)………………………………………………….………17

## **CODES**

N.Y.C. Admin. Code § 10-1102……………………………………………….....……..7

N.Y.C. Admin. Code § 10-1105(a)………………………………………..2, 6-10, 12-16

Plaintiff Jane Doe ("Plaintiff"), by and through her attorneys, Curis Law, PLLC, respectfully submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss and to Strike Certain Portions of Plaintiff's Complaint.

## PRELIMINARY STATEMENT

This matter is not time-barred, and no portion of Plaintiff's Complaint should be stricken. As more fully described herein, the Victims of Gender-Motivated Violence Protection Law ("VGMVPL") effectively opened the statute of limitations, permitting previously time-barred claims to be brought no later than February 28, 2025.  The VGMVPL is not preempted by the Adult Survivor Act ("ASA") because the ASA is by no means a "comprehensive regulatory scheme" but, rather, a mere amendment to the existing statute of limitations as it previously applied to, in general, acts that "constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such a person who was eighteen years of age or older" at the time of the act.  Indeed, the ASA, which the Defendants argue preempts the VGMPL on the basis of "field preemption," consists only of the following language:

§ 214-j. Certain sexual offense actions. Notwithstanding any provision of law which imposes a period of limitation to the contrary and the provisions of any other law pertaining to the filing of a notice of claim or a notice of intention to file a claim as a condition precedent to commencement of an action or special proceeding, every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was eighteen years of age or older, or incest as defined in section 255.26 or 255.27 of the penal law committed against such person who was eighteen years of age or older, which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section. In any such claim or action, dismissal of a previous action, ordered before the effective date of this section, on grounds that such previous action was time barred, and/or

for failure of a party to file a notice of claim or a notice of intention to file a claim, shall not be grounds for dismissal of a revival action pursuant to this section.

Defendants' notion that the ASA commands "field preemption" is an extreme expansion of the actual language and intended application of the ASA and the doctrine of field preemption itself.  Field preemption only "prohibits a local government from legislating in a field or area of the law where the legislature has assumed **<u>full regulatory responsibility</u>**." *Doe v. Black*, 23-CV-6418 at 5 (JGLC) (S.D. N.Y. Sep 27, 2024)(citation omitted)(emphasis added)(a copy of *Doe v. Black* is attached hereto as *Exhibit 1*).  "[T]he mere fact that a local law may deal with some of the same matters touched upon by state  law does not render the local law invalid." *Id*. at 6 (quotations and citations omitted).  Here, just one aspect of local law is at issue -- the statute of limitations, not the entire regulatory responsibility of the legislature.  The ASA was intended to expand the statute of limitations, not limit it, which is consistent with the purpose of the VGMVPL.  Likewise, the VGMVPL is not preempted by the ASA due to "conflict preemption" because the statutes do not conflict – they are actually consistent with one another in providing victims an opportunity to be compensated by those who victimized them.

Moreover, the statute of limitations specifically set forth in the VGMVPL makes it clear that this matter is not time-barred.  The black letter of the VGMVPL states "[n]otwithstanding any provision of law that imposes a period of limitation to the contrary, a civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022."  N.Y.C. Admin. Code § 10-1105(a).  Thus, any claim which had expired under any applicable statute of limitations was revived and permitted to be filed after February 28, 2023 but before March 1, 2025.  Plaintiff filed her Complaint on February 18, 2025, some two (2) weeks before the VGMVPL window closed.

N.Y. C.P.L.R § 213-c, while not "retroactive on its face," is procedural and remedial in nature and therefore should be applied retroactively. Its remedial nature is self-evident – the purpose of extending the statute of limitations from five (5) years to twenty (20 years was to remediate the previously unjust time bar to afford victims of a very select subset of egregious sex crimes a chance to seek justice and compensation.

Lastly, the Complaint contains no scandalous or prejudicial statements that would warrant striking. It is a matter of public record that the Defendants, who are presently incarcerated for numerous allegations of sexual misconduct, have a history of the conduct described in Plaintiff's Complaint. While Defendant may not like the allegations, they are certainly pertinent to the case and should not be stricken. In the event this Honorable Court disagrees, Plaintiff should be permitted an opportunity to amend the pleading.

## FACTS OF THE CASE

Tal and Oren Alexander cultivated a pattern of leveraging their wealth, status, and high-profile social circles to manipulate and sexually exploit young women. They regularly sought out victims within exclusive social settings, promising luxury experiences to gain trust before subjecting them to sexual violence.

In or around June of 2013, Plaintiff had been messaging with Tal Alexander when he invited her to a party at his apartment in West Village. Plaintiff was 21 years old at that time. Defendant Tal Alexander, when he invited Plaintiff, represented that there would be a "party" at Defendants' residence in Manhattan. On July 1, 2013, Plaintiff arrived at the residence expecting a social gathering with multiple attendees. Instead, she discovered only the Defendants present.

Plaintiff was handed an alcoholic beverage, which she consumed, after which she quickly began to feel lightheaded and disoriented. Plaintiff's memory became fragmented, but she recalls

the Defendants forcibly removing her clothing. Being unable to physically resist due to the effects of the drugged beverage, Defendants took turns raping her while she remained incapacitated.  At one point, Plaintiff was forced to perform oral sex on them, both taking turns, during which one Defendant physically held her up as she lacked the ability to support herself, while the other Defendant forced her to perform oral sex.  When Plaintiff regained consciousness, she found herself alone in the room, naked and in severe pain.  She gathered her belongings and fled the apartment in distress. She has never been in contact with the Defendants since that day.

Plaintiff experienced extreme confusion and distress following the assault.  She suffered and continues to suffer from severe PTSD, recurring nightmares, and social withdrawal.

## LEGAL ARGUMENT

### I.    LEGAL STANDARD

The Federal Rules of Civil Procedure embrace a very liberal pleading standard.  *See* Fed. R. Civ. P. 8 (General Rules of Pleading).  Under Rule 8, a pleading need only contain a statement of jurisdiction; a short and plain statement of the claim showing the plaintiff is entitled to relief; and a demand for relief sought.  *See* Fed. R. Civ. P. 8(a).

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the form and sufficiency of a statement of a claim under this liberal pleading rule.  Since the enactment of the Federal Rules, federal courts have developed a well-settled set of principles when reviewing a complaint in response to a motion to dismiss for failure to state a claim under Rule 12(b)(6).  These principles include:  (1) that the plaintiff's factual allegations contained in the complaint are accepted as true; (2) that the court must construe the complaint liberally in favor of the plaintiff and draw all reasonable inferences in favor of the plaintiff; (3) that the court may not consider matters or information beyond what is stated on the face of the complaint, judicially noticed facts, and any

attachments to the complaint; (4) that the complaint must provide notice to the defendant of the plaintiff's claims; and (5) that the court should not dismiss the complaint for failure to state a claim unless it appears <u>beyond doubt</u> that it is impossible for the plaintiff to prove some set of facts in support of a claim which would entitle the plaintiff to relief.

This standard was modified slightly by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcrofl v. Iqbal*, 556 U.S. 662 (2009). Following these cases, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations that are sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In other words, a plaintiff can no longer stand on the "mere possibility of misconduct;" rather the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *i.e.*, sufficient facts to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79 (quotation and citation omitted). Determining whether a complaint states a plausible claim for relief is a context-specific undertaking for the court. *Id.* ("[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense."). In performing this duty, the court considers the complaint in its entirety, as well as documents incorporated into the complaint by reference, and matters of judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). Under *Twombly* and *Iqbal*, the Defendants cannot meet the standard required for the Court to grant their Motion to Dismiss, and the motion must therefore be denied.

**1.      Plaintiff's Claims Are Not Time-Barred**

Plaintiff's claims are not time-barred because the VGMVPL opened the statute of limitations for matters otherwise time-barred until March 1, 2025, and Plaintiff filed this action on February 18, 2025, well within that window.  In addition, N.Y. C.P.L.R. § 213-c provides for a twenty (20) year statute of limitations that should be applied retroactively as it is remedial in nature.

Defendants argue that the complaint should be dismissed as time-barred on two (2) theories – (1) that the 2022 VGMVPL amendment did not revive Plaintiff's VGMVPL claim and, (2) that even if it did, the claim would be preempted by the ASA and therefore time-barred because Plaintiff's Complaint was not filed within the one-year window afforded by the ASA from November 24, 2022 to November 24, 2023.  The Defendants misconstrue the plain language of the VGMVPL and seek to apply an overly broad interpretation of preemption laws.

Defendants also argue that Plaintiff's second cause of action under N.Y. C.P.L.R. § 213-c should be time-barred because it is not "retroactive on its face."  As more fully discussed herein, N.Y. C.P.L.R. § 213-c is procedural and remedial in nature and should be applied retroactively in order to serve justice to victims such as Plaintiff.  Thus, Defendants' motion should be denied as to both counts in Plaintiff's Complaint.

i.      *The VGMVPL clearly allows any and all otherwise time-barred claims to be brought before March 1, 2025.*

First, the language of the VGMVPL clearly states "[n]otwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six

months after, September 1, 2022." N.Y.C. Admin. Code § 10-1105(a). While the VGMVPL ordinarily provides a statute of limitations of seven (7) years for violations of the VGMVPL, the January 2022 amendment specifically carved out a two- and a half-year window for any and all claims that were otherwise time-barred by any other statute of limitations. N.Y. C.P.L.R. § 10-1105(a). The amendment, therefore, opened the window for "any civil claim or cause of action . . . that is barred because the applicable period of limitation has expired." *Id.*

Moreover, Defendants' arguments are contrary to the VGMVPL's primary intention: to make it easier for victims of gender-motivated violence to seek civil remedies in court – not, as Defendants would have it, make it harder. New York City passed the VGMVPL "[i]n light of the void left by the Supreme Court's decision," *United States v. Morrison*. N.Y.C. Admin. Code § 10-1102. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress lacked the authority under the Commerce Clause and the Fourteenth Amendment to pass such a remedy. 529 U.S. 598, 627 (2000).

"It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones*, 2002 WL 34697795, at *1 (Sup. Ct. NY. Cnty. Apr. 9, 2002) (*holding* VGMVPL was intended to apply retroactively) (*citing Patrolmen's Benevolent Assn. v City of New York*, 41 N.Y.2d 205, 208 (1976)). The Council intended the VGMVPL to make it easier for victims of gender-motivated violence to seek court remedies. *Id.* It intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("In summary, there is no timeline on processing trauma. Not passing this Bill means we would be denying what it means to be fundamentally human and

denying the research and the science that it takes some of us longer than other, not only to come forward, but to tell our story."), 131 ("I am here to tell you that a victim doesn't have a set time for when they came come forward. . . . Please pass the amendment to allow the window for justice to be pursued by all victims of gender-motivated violence." (A copy of the City Council Hearing Testimony is attached hereto as *Exhibit 2*).  "Based on an analysis of statutory text and history" it is clear that "the legislative body intended [the VGMVPL] to apply retroactively." *Cadiz-Jones*, 2002 WL 34697795, at *1.1.

The clear intent of the VGMVPL, including the broad "revival" language was to provide relief for all claims otherwise barred to be brought before March 1, 2025.  Plaintiff, barred by the previous applicable statute of limitations, is eligible to avail herself of the legislative window created by the 2022 amendment to the VGMVPL.  Because Plaintiff filed her Complaint by February 18, 2025, within the VGMVPL window, it is not time-barred.

   ii.  *The VGMVPL is not preempted by the ASA.*

Defendant next argues that the VGMVPL is preempted by the ASA under the doctrine(s) of "field preemption" and/or "conflict preemption."  This argument does not hold water because (1) the ASA does not "occupy the field" of sexual abuse claims in New York City and (2) does not create a "head-on collision" between state and local law.

Defendant relies heavily upon *Parker v. Alexander* – a U.S. District Court of the Southern District of New York case wherein the Court held that the plaintiff's claims for a 2012 sexual assault were time-barred on the basis of field preemption.  24-cv-4813 (LAK)(S.D.N.Y. Jan 22, 2025)(Doc. 11-1).  Respectfully, the *Parker* Court fell far short of the mark when examining the ASA in relation to the VGMVPL as it applies to field preemption.

By contrast, *Doe v. Black*, the Southern District of New York provided a far more thorough and complete analysis of field and conflict preemption and, in that case, held that the Child Victims Act ("CVA") (the equivalent law to ASA but for minors who were victims of sexual abuse) did not preempt the VGMVPL under theories of field preemption and/or conflict preemption. In the *Black* case, the plaintiff alleged that she was sexually assaulted by the Defendant, Leon Black in 2002 when the plaintiff was still a minor. The plaintiff filed her complaint on July 24, 2023, some twenty-one (21) years later, pursuant to the VGMVPL revival window. The defendant argued that the VGMVPL revival window was preempted by the CVA revival window which allowed otherwise time-barred actions to be filed between August 14, 2019 and August 14, 2020 and was closed at the time that the plaintiff filed her complaint. *See generally, Doe v. Black*.

The language of the CVA is essentially identical to the ASA:

> **§ 214-g. Certain child sexual abuse cases.** Notwithstanding any provision of law which imposes a period of limitation to the contrary and the provisions of any other law pertaining to the filing of a notice of claim or a notice of intention to file a claim as a condition precedent to commencement of an action or special proceeding, every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age, incest as defined in section 255.27, 255.26 or 255.25 of the penal law committed against a child less than eighteen years of age, or the use of a child in a sexual performance as defined in section 263.05 of the penal law, or a predecessor statute that prohibited such conduct at the time of the act, which conduct was committed against a child less than eighteen years of age, which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section. In any such claim or action: (a) in addition to any other defense and affirmative defense that may be available in accordance with law, rule or the common law, to the extent

that the acts alleged in such action are of the type described in subdivision one of section 130.30 of the penal law or subdivision one of section 130.45 of the penal law, the affirmative defenses set forth, respectively, in the closing paragraph of such sections of the penal law shall apply; and (b) dismissal of a previous action, ordered before the effective date of this section, on grounds that such previous action was time barred, and/or for failure of a party to file a notice of claim or a notice of intention to file a claim, shall not be grounds for dismissal of a revival action pursuant to this section. (*Compare* to the ASA, NY CPLR 214-j, *supra*.)

The *Black* Court correctly held that the VGMVPL is not preempted by the CVA and that Plaintiff's claims were timely filed under the VGMVPL revival window. In reaching this conclusion, the *Black* Court reasoned, (1) that field preemption does not bar the VGMVPL revival statute because the CVA (like the ASA) does not indicate an intent to "occupy the field" and is not a "comprehensive and detailed regulatory scheme"; and, (2) that conflict preemption does not bar the VGMVPL because (like here) there is no actual conflict between the state and local laws.

### 1. Field preemption does not apply.

Field preemption does not act to bar Plaintiff's VGMVPL claim in this case because the ASA does not indicate an intent to "occupy the field" of statutes of limitations on sexual offense cases and is not a "comprehensive and detailed regulatory scheme." Field preemption only "prohibits a local government from legislating in a field or area of the law where the legislature has assumed **full regulatory responsibility**." *Doe v. Black* at 5 (citation omitted)(emphasis added). "[T]he mere fact that a local law may deal with some of the same matters touched upon by state law does not render the local law invalid." *Id*. at 6 (quotations and citations omitted). "Instead, '[a] desire to pre-empt may be implied from a declaration of State policy by the Legislature or from the fact that the Legislature has enacted a comprehensive and detailed regulatory scheme in a particular area.'" *Id*. (internal quotations and citations omitted).

The language of the ASA makes no indication that the legislature intended to fully control the field of sexual misconduct statutes of limitations.  As with the CSA, and as observed by the *Black* Court, "they merely indicate that the legislature intended for the CVA to benefit all New York child sexual assault victims.  This is not the same as 'an expression of need for uniform State-wide control' that has been found to support field preemption." *See Vatore v. Comm'r of Consumer Affs. of City of New York*, 83 N.Y.2d 645, 650 (1994). These general statements about helping all New Yorkers are similar to statements made with respect to the New York State Human Rights Law ("NYSHRL"). The NYSHRL states that its purpose is to "assure that every individual within this state is afforded an equal opportunity to enjoy a full and productive life" free from discrimination. N.Y. Exec. L. § 290(3).  Nonetheless, the New York Court of Appeals (the "Court of Appeals") found the New York City Human Rights Law, which overlaps substantially with the NYSHRL, not to be preempted.  *See New York State Club Ass'n, Inc. v. City of New York*, 69 N.Y.2d 211, 217-18 (1987), aff'd, 487 U.S. 1 (1988).

Cases where courts have found that the state has expressed a need for complete control in a field are readily distinguishable. For example, in the matter of *Consolidated Edison Co. of New York v. Town of Red Hook*, the Court of Appeals found that a state law providing that all decisions regarding where new major steam electric generating facilities should be located were to be determined by a state siting board preempted a local law requiring that people obtain a license from the town board to begin a site study for a power plant.  60 N.Y.2d 99 at 103, 105 (1983). The desire to preempt was implied from legislative declarations of state policy that the purpose of the state law was "to provide for the expeditious resolution of all matters concerning the location of major steam electric generating facilities presently under the jurisdiction of multiple state and local agencies, including all matters of state and local law, in a single proceeding" and that "there is a

need for the state to control determinations regarding the proposed siting of major steam electric generating facilities within the state." *Id*. The court also found relevant that the governor approved the law as "the establishment of a unified certificating procedure." *Doe v. Black* at 8 *citing Consolidated Edison* at 105.

Here, just one aspect of local law is at issue -- the statute of limitations, not the entire regulatory responsibility of the legislature. Just as the *Black* Cout observed with respect to the CVA, the ASA does not come close to enacting a comprehensive scheme. For example, the state did not create a commissioner or board with investigatory or enforcement power. The state did not impose direct controls at the local level. The state did not set forth comprehensive procedures for administrative and judicial review. The only thing that the state did with respect to the ASA was enact a state law that provided a revival window. *See generally Doe v. Black* at 10. "Extending the time for certain criminal or civil cases related to sexual offenses does not meet the bar of a comprehensive and detailed regulatory scheme. It is not 'so broad and detailed in scope as to require a determination that [the CVA] has precluded all local regulation in the area.'" *Vatore* at 650. Given that the ASA and CVA are essentially the same, the same analysis should apply to an allegation of field preemption as to the ASA.

The comprehensive and well-reasoned opinion of the *Black* Court should be guiding in this case. It is clear that the VGMVPL is not preempted by the ASA and that Plaintiff's cause of action was timely filed within the revival window provided thereby. Accordingly, the Defendants' motion must be denied.

2. There is no conflict between the ASA and VGMVPL.

Conflict preemption does not bar the VGMVPL because there is no conflict between the two laws. "Under the doctrine of conflict preemption, a local law is preempted by a state law when

a right or benefit is expressly given by State law which has then been curtailed or taken away by the local law." *Sunrise Check Cashing & Payroll Servs., Inc. v. Town of Hempstead*, 933 N.Y.S.2d 388, 395 (1st Dep't 2011), aff'd sub nom. *Sunrise Check Cashing & Payroll Servs., Inc. v. Town of Hempstead*, 20 N.Y.3d 481 (2013). "For a local law to be invalid pursuant to the conflict preemption doctrine, the State must specifically permit the conduct the local law prohibits or provide 'some other indication that deviation from state law is prohibited.'" *People v. Torres*, 37 N.Y.3d 256, 268 (2021)(*quoting Garcia v. New York City Dept of Health & Mental Hygiene*, 31 N.Y.3d 601, 617-18 (2018)). Conflict preemption exists where "there is a head-on collision between" the local law and the state law. *Lansdown Entertainment Corporation v. New York City Department of Consumer Affairs*, 74 N.Y.2d 761 at 764 (1989). However, the Court of Appeals has made clear not to read conflict preemption principles too broadly, because doing so "carries with it the risk of rendering the power of local governments illusory." *Ctr. for Indep. of Disabled v. Metro. Transportation Auth.*, 125 N.Y.S.3d 697, 704 (1st Dep't 2020)(*citing Garcia*, 31 N.Y.3d at 617). And the mere "fact that both the state and local laws seek to regulate the same subject matter does not in and of itself give rise to an express conflict." *Garcia*, 31 N.Y.3d at 617.

Here, the VGMVPL revival window does not curtail or take away a right or benefit expressly given by the state. There is also no "head-on collision" between the ASA and the VGMVPL because they further the same goals. They were both enacted to further civil rights causes of action. *See Vatore*, 83 N.Y.2d at 650 (finding no conflict preemption when "the local law would only further the State's policy interests"). Just as the CVA sought to remedy the injustices to survivors of child sexual abuse, so too did the ASA, by extending New York's statutes of limitations that previously required most survivors to file civil actions or criminal charges long before they reported or came to terms with their abuse. *Black* at 12 *citing Senate Introducer's*

*Mem. In Support, Bill Jacket*, L 2019 ch. 11 at 7.  The VGMVPL "would give survivors of gender-motivated acts of violence more time to pursue civil actions by extending the statute of limitations."[1] The ASA and the VGMVPL serve the same purpose.

In light of the foregoing there is no conflict between the ASA and the VGMVPL that would warrant dismissal of Plaintiff's Complaint on the basis of conflict preemption.  Accordingly, the Defendants' Motion to Dismiss on these grounds must be denied.

        3.  <u>N.Y. C.P.L.R. § 213-c is procedural and remedial in nature and should be applied retroactively</u>.

Although N.Y. C.P.L.R. § 213-c is not "retroactive on its face," the issue of its retroactivity has not yet been adjudicated by the courts and, following the principles of other cases analyzing retroactivity of newly enacted statutes, the only conclusion that can be reached is that it should be applied retroactively.  The policy considerations are heavily in favor of retroactivity because the twenty (20) year statute of limitations enacted by the legislature in 2019 sought to provide relief to victims of a very select subset of sexual misconduct cases – rape in the first, second or third degree.  The only logical conclusion is that the legislature intended to provide victims of these horrific crimes, including the Plaintiff herein, with a wide window in which to bring claims against their assailants.

It is true that retroactive application of a statute is not favored by New York courts and statutes will generally not be given such construction unless the language expressly or by necessary implication requires it.  *See Majewski v. Broadalbin-Perth Cent. School Dist*., 673 N.Y.S.2d 966, 91 N.Y.2d 577, 696 N.E.2d 978 (N.Y. 1998)(*citing Jacobus v. Colgate*, 217 N.Y. 235, 240, 111 N.E. 837 (N.Y. 1916) ["It takes a clear expression of the legislative purpose to justify a retroactive

---

[1]  New York City Council, Creating a Two Year Look-Back Window to the Gender-Motivated Violence Act, and Extending Its Statute of Limitations,  https://legistar.council.nyc.gov/ LegislationDetail.aspx?ID=5072017&GUID=BA4C2A62-23E0-4AB2-B3A1-AC18F53C9993

application"] and *citing Landgraf v. USI Film Prods*., 511 U.S. 244, 265, 114 S.Ct. 1483 1497, 128 L.Ed.2d 229 (1994) ["the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic"]). However, [a]n equally settled maxim is that "remedial" legislation or statutes governing procedural matters should be applied retroactively. *Id. citing Matter of OnBank & Trust Co*., 90 N.Y.2d 725, 730, 665 N.Y.S.2d 389, 688 N.E.2d 245 (N.Y. 1997)(additional citations omitted).

In this instance, N.Y. C.P.L.R. § 213-c is both remedial and procedural and should be applied retroactively to protect the victim's interests, not foreclose liability on sexual predators. Statutes of limitations are considered procedural in nature as they govern the process by which a suit can be initiated. *See, e.g., Castellanos v. Raymours Furniture Co*., 291 F. Supp. 3d 294 at 300 (E.D. N.Y. 2018) citing *Mazurkiewicz v. Clayton Homes, Inc*., 971 F.Supp.2d 682 (S.D. Tex. 2013). Moreover, the change in the statute – from a five (5) year to a twenty (20) year statute of limitations – is remedial in nature as it provides a remedy for those who have been victimized by a particular subset of egregious sexual misconduct. The statute, as amended in 2019, is narrowly tailored to govern the statute of limitations on a small subset of very serious sexual misconduct claims.

Taken in the context of the "revival window" opened by the 2022 amendment to the VGMVPL which opened the time period to bring **any** otherwise time-barred claim, N.Y. C.P.L.R. § 213-c set a statute of limitations for only very specific and horrific acts – rape in the first, second or third degree. (Emphasis added). Thus, "minor" claims for sexual misconduct, such as groping or inappropriate touching, would not be appropriate under N.Y. C.P.L.R. § 213-c – those claims were foreclosed as of March 1, 2025 when the VGMVPL revival window closed. Other more serious acts, such as those committed by the Defendants in this case, are subject to the twenty (20)

year statute of limitations.  To find otherwise would be unjust in that assailants such as Defendants could walk away Scot-free.  Thus, Plaintiff has two (2) distinct causes of action in this case – one under the state law (N.Y. C.P.L.R. § 213-c) and one under the local law, VGMVPL (N.Y.C. Admin. Code § 10-1105(a)).  Accordingly, Defendants' motion must be denied.

## 2.  Plaintiff's Complaint Does Not Contain Scandalous Or Prejudicial Matter That Warrants Striking

Defendants' Motion to Strike Certain Portions of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(f) must be denied.  Motions to strike are disfavored. *See Illiano v. Mineola Union Free School Dist.*, 585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008). To prevail, a movant typically must show that the challenged material is irrelevant to the case and that the movant will be prejudiced if the material is allowed to stand.  *Id.*

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the proceeding more probable or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R.E. 401.  Here, the allegations of which the Defendants complain are clearly relevant to the lawsuit and should not be stricken.

Defendants' grievance is essentially with Plaintiff's allegations that the Defendants took advantage of, and used to their advantage, their power, wealth and social influence in order to commit sex crimes against weaker, impressionable females such as Plaintiff.[2]  These allegations are already a matter of public record.  Just as an example, an online, public-facing Wikipedia page devoted to the Defendants reads, in pertinent part:

> On the morning of December 11, 2024, Oren, Alon and Tal Alexander were all arrested by FBI agents in Miami Beach, Florida on charges of sex trafficking and drugging and raping dozens of women. Oren and Alon were charged together, while Tal was charged separately. In addition to being charged by the Southern District

_____

[2]  Ironically, the Defendant opposes Plaintiff's Motion to Proceed Anonymously.

of Florida and the Miami-Dade State Attorney's Office, all three brothers were given a three-count indictment by the Southern District of New York. Their case in New York was assigned to U.S. District Judge Valerie E. Caproni. Their case in Florida was assigned to United States Magistrate Judge Lisette M. Reid of Southern District of Florida. In the New York federal charges, the three brothers were each charged with one count of engaging in a sex trafficking conspiracy, which carries a maximum sentence of life in prison, and at least one count of sex trafficking by force, fraud, or coercion, which carries a maximum sentence of life in prison and a mandatory minimum sentence of 15 years in prison. Also in New York, Tal Alexander was charged with a second federal count of sex trafficking by force, fraud, or coercion.[3]

Thus, the allegations of Defendants' sexual misconduct have already been published to the world. Any concerns they may have at this point about the Plaintiff mentioning their *modus operandi* in manipulating women for their own sexual gratification amount to nothing more than a red herring. Moreover, these allegations may ultimately be deemed relevant and admissible at trial, as all of the allegations may be allowed under the Federal Rules of Evidence which permit the admission of evidence relating to a defendant's crimes, wrongs and other acts committed to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R.E. 404(b)(2). It is simply too early to engage in a debate about the admissibility of this evidence at trial, and it is clear that, at this point, striking the allegedly "scandalous" and "prejudicial" allegations from the Complaint would be premature. The Defendants articulate no actual prejudice that they will suffer without striking the allegations other than they may be cast in a "derogatory light." The reality is that the Defendants' notoriety preceded Plaintiff's Complaint, and there is simply no basis to strike the allegations at this point in time. Accordingly, the Defendant's Motion to Strike should be denied.

---

[3] https://en.wikipedia.org/wiki/Tal_and_Oren_Alexander (footnote citations omitted).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss and to Strike Certain Portions of the Complaint.  In the alternative, Plaintiff should be permitted an opportunity to file an Amended Complaint to address any curable deficiencies in the original pleading.

Respectfully submitted,

Dated: New York, New York
April 3, 2025

**CURIS LAW, PLLC**

By:  *Antigone Curis*
_____
Antigone Curis, Esq.
Attorney for Plaintiff
52 Duane Street, 7th Floor.
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,                                          Civ. Action. No. 25-cv-2106 (DEH)

                        Plaintiff,

              -against-

TAL ALEXANDER and OREN ALEXANDER,

                        Defendants.

## CERTIFICATE OF WORD COUNT COMPLIANCE

ANTIGONE CURIS, an attorney duly admitted to practice in the United States District Court of the Southern District of New York, I hereby certify that this memorandum of law is in compliance with Local Rule 7.1(c).  The foregoing document was prepared using Microsoft Word, and the document contains 6,019 words as calculated by the application's word count function

.

Dated: New York, New York
       April 3, 2025

                                  /s/  *Antigone Curis*
                                  ANTIGONE CURIS